IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3048 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MENTAL HEALTH BOARD, Platt County, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 28, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis (filing no. 8) and recently paid the initial partial filing fee (filing no. 10). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 28, 2011, against 12 individuals, including employees of the State of Nebraska, members of the Platte County Mental Health Board, and various medical professionals at the Norfolk Regional Center ("NRC"). (Filing No. 1.) Plaintiff is a prisoner confined at the Lincoln Correctional Center ("LCC") in Lincoln, Nebraska. (*Id.*)

Liberally construed, Plaintiff alleges that he arrived at the NRC on June 25, 2010 and was determined to be a "Dangerous Sexual Offender." (*Id.* at CM/ECF p. 4.) On July 18, 2010, Plaintiff had an "altercation" with another offender. The other offender hit Plaintiff with his elbow and Plaintiff did not do anything in response. (*Id.*) Later that evening, Plaintiff approached the other offender, who spit coffee in Plaintiff's face. (*Id.*) Plaintiff was punished by being put into restraints from July 18, 2010, until October 1, 2010, and the staff "bothered" Plaintiff every four hours. (*Id.*)

The other offender was not punished in the same manner which Plaintiff alleges is a violation of the "14th Amendment Equal Justice." (*Id.* at CM/ECF pp. 2, 4.) Plaintiff seeks "justice" and "one million dollars." (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege an equal protection

2

claim against Defendants because he was disciplined differently than the other individual involved in the July 18, 2010, "altercation." (Filing No. 1.) The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges he was treated differently than other inmates because he was disciplined more harshly than another individual involved in the same altercation. (Filing No. 1.) While Plaintiff has alleged facts sufficient to suggest that he is being treated differently than similarly situated inmates, he has not alleged that his different treatment was based on a suspect classification or that it burdened one of his fundamental rights. As such, Plaintiff has failed to properly allege an equal protection claim against Defendants and his Complaint fails to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendants upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

**IV.     MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the court is Plaintiff's Motion to Appoint Counsel. (Filing No. 9.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that

"[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 24, 2011**, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 24, 2011**.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

5. Plaintiff's Motion to Appoint Counsel (filing no. 9) is denied.

DATED this 25th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.