IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBROSIO SALAZAR JR., | ) | 4:11CV3048 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MENT AL HEALTH BOARD, Platt | ) | |
| County, et al., | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On May 25, 2011, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted. (Filing No. 11.) In particular, the court determined that:

> While Plaintiff has alleged facts sufficient to suggest that he is being treated differently than similarly situated inmates, he has not alleged that his different treatment was based on a suspect classification or that it burdened one of his fundamental rights. As such, Plaintiff has failed to properly allege an equal protection claim against Defendants and his Complaint fails to state a claim upon which relief may be granted.

(*Id.* at CM/ECF p. 3.) In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.

    In response, Plaintiff filed an Amended Complaint on June 15, 2011. (Filing No. 12.) In his Amended Complaint, Plaintiff generally repeats the allegations of his original complaint. (*Id.*) However, Plaintiff again fails to allege that his treatment was based on a suspect classification or that it burdened one of his fundamental rights. (*Id.*) After careful review of the Amended Complaint, the court finds that, even after amendment, Plaintiff has failed to state an Equal Protection claim upon which relief may be granted. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that, regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim).

For the first time in his Amended Complaint, Plaintiff alleges that Defendants' actions also violated his Eighth Amendment right to be free from "cruel and unusual punishment." (Filing No. 12 at CM/ECF p. 4.) Plaintiff's allegations as to this claim are sparse and consist of allegations that his physicians ordered that he be restrained for an extensive period of time after his altercation with another patient. (*Id.* at CM/ECF pp. 4-6.) "The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A prisoner asserting a violation of his Eighth Amendment right must show "deliberate indifference"or reckless or callous disregard of a known, excessive risk of serious harm to his health or safety. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

Plaintiff's Amended Complaint does not allege that Defendants were deliberately indifferent to a known or excessive risk of harm. Rather, Plaintiff alleges that Defendants restrained him as part of his medical treatment and that this amounted to "mistreatment." There are no allegations that Plaintiff suffered any serious harm as a result of his restraints. At best, Plaintiff's Amended Complaint alleges a medical

malpractice claim, which is not actionable under the Eighth Amendment. *See [Estelle v. Gamble, 429 U.S. 97, 106 (1976)](#)* ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also [Phillips v. Jasper County Jail, 437 F.3d 791, 795 (8th Cir. 2006)](#)* ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.") (quotation omitted); *[Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993)](#)* ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.") For these reasons, and the reasons set forth in the court's May 25, 2011, Memorandum and Order, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because the Amended Complaint fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order and the court's May 25, 2011, Memorandum and Order.

3. All pending motions are denied as moot.

DATED this 17th day of August, 2011.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.